UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

GLORIA CALDAROLA,

      Plaintiff,

vs.

NORTHPOINT INVESTMENTS
PARTNERSHIP, LP, a Florida
Limited Partnership,

      Defendant.

_____/

## COMPLAINT

Plaintiff, **GLORIA CALDAROLA,** by and through undersigned counsel, hereby sues the

Defendant, **NORTHPOINT INVESTMENTS PARTNERSHIP, LP, a Florida Limited**

**Partnership**, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181, et seq.,

("Americans with Disabilities Act" or "ADA").

## JURISDICTION

1.      The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and

1343 for Plaintiff's claims arising under 42 U.S.C. § 12181 et seq., based on Defendant's violations

of Title III of the Americans with Disabilities Act.  Plaintiff's claims are authorized by 28 U.S.C.

§ 2201 and 2202.

## PARTIES

2.      The Plaintiff, **GLORIA CALDAROLA**, suffers from the effects of multiple

sclerosis and is disabled as defined by the Americans with Disabilities Act.  Ms. Caldarola is

substantially limited in performing major life activities including walking, caring for herself,

performing manual tasks, working, standing, bending, grasping and lifting.  Ms. Caldarola uses a

wheelchair for her mobility.  Ms. Caldarola is a resident of Palm Beach County, Florida, and is *sui*

*juris.*  Ms. Caldarola has suffered direct injury as a result of the Defendant's actions or inaction

described herein.  Prior to the filing of this action, Ms. Caldarola personally visited Defendant's

premises described below and her full and equal enjoyment of the goods, services, facilities,

privileges, advantages and/or accommodations offered at the property were restricted and limited

because of her disabilities and will be restricted in the future unless and until Defendant is

compelled to remove the physical barriers to access and cure the ADA violations that exist at the

property, including but not limited to those set forth in this Complaint.[1]  Such barriers constitute

discrimination prohibited by the ADA.  Ms. Caldarola will visit the premises in the near future to

avail herself of the goods and services offered to the public at the property once the property is made

accessible and ADA-compliant.

3.        Completely independent of her personal desire to have access to places of public

accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of herself,

and other persons with disabilities, for the purpose of discovering, encountering, and engaging

discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff

employs a routine practice.  She personally visits the public accommodation where she knows or

where it has been reported to her that illegal barriers to access exist; engages all of the barriers to

access, or at least all of those that she is able to access; and tests all of those barriers to access to

determine whether and the extent to which there are illegal barriers to access; proceeds with legal

---

[1] The term "ADA violations," as used herein, means that the physical elements at issue violated the ADA's regulations and the ADA Standards for Accessible Design, originally published in 1991, as well as the 2010 Standards that became effective on March 15, 2012.

action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits for personal reasons, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

4.      In this instance, Plaintiff, in her individual capacity for personal reasons, and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein.

5.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

6.      The Defendant, **NORTHPOINT INVESTMENTS PARTNERSHIP, LP, a Florida Limited Partnership**, is authorized and engaged in the transaction of business in Florida. Upon information and belief, Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, a commercial plaza more commonly referred to as "Northpoint Business Plaza," located at or about 901 Northpoint Parkway, West Palm Beach, Florida (hereinafter referred to as the "Property").

## INTRODUCTION

7.      On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. seq*., establishing the most important civil rights law for persons with disabilities in our country's history.

8.      The Congressional statutory findings include:

(a)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b)      historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c)      discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(d)      individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

(e)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

9.      Congress explicitly stated that the purpose of the ADA was to:

(a)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)      provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(c)      invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1), (2) and (4).

10.      Congress provided commercial businesses one and a half years from the effective

date, to implement the requirements imposed by the ADA.  The effective date of Title III of the

ADA, was January 26, 1992.  42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

11.     The subject premises, which is owned, leased and/or operated by the Defendant and

which is the subject of this action, is a commercial facility which offers goods and/or services to the

public.  The facility must be, but is unable to be, accessed by individuals with disabilities, including

the Plaintiff.

12.     Pursuant to 42 U.S.C. § 12181(7), 28 C.F.R. § 36.104, the premises which are the

subject of this action are public accommodations covered by the ADA and must be in compliance

therewith.

13.     The Defendant has discriminated and continues to discriminate against the Plaintiff

by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges,

advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 et seq., and

by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

14.     The Defendant has discriminated and continues to discriminate against the Plaintiff

and others who are similarly situated, by failing to make reasonable accommodations in policies,

practices or procedures which are necessary to afford such goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities.  42 U.S.C. 12182(b)(2)(A)(ii).

15.     The Plaintiff has been unable to and continues to be unable to enjoy full and safe

access to, and the benefits of the services offered at Defendant's premises.  Prior to the filing of this

lawsuit, Plaintiff visited the premises and was denied access to the benefits, accommodations and

services of the Defendant's premises and therefore suffered an injury in fact.  Plaintiff continues to

desire to visit Defendant's premises, but continues to be injured in that she is unable to and

continues to be discriminated against due to the architectural barriers and policies and/or procedures which remain at Defendant's premises in violation of the ADA.  Ms. Caldarola has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's deliberate and knowing continuing violations of the ADA.

16.     Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  28 C.F.R. Part 36.

17.     The Defendant is in violation of 42 U.S.C. § 12181 et seq., 28 C.F.R. 36.302 et seq., and FBC (Florida Building Code, Chapter 11, Florida Accessibility Code for Building Construction, effective March 1, 2002, the "Code", chapter 11-4.6), and is discriminating against the Plaintiff as a result of inter alia, the following specific violations, of which Plaintiff has actual notice or has personally experienced and/or observed:

**Parking**

a.     There are non-compliant disabled person parking spaces, in violation of STANDARDS 208 and 502.

b.     Some of the disabled use spaces do not have clear and level access aisles provided, violating STANDARD 502.

c.     There is no accessible route from the parking areas to the facility, in violation of STANDARDS 206, 402, 403, 404, 405, and 406.

d.     There are incorrect signs designating the disabled use spaces, in violation of STANDARD 502.6.

e.     Many of the signs designating the disabled spaces are not posted at sufficient heights, in violation of STANDARD 502.6.

f.     The ramps provided from the parking areas to the facility have slopes, side-slopes, and/or cross slopes in excess of the limits prescribed in STANDARDS 405 and 406.

g.     There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of STANDARD 405.8.

h.     There are accessible parking spaces improperly dispersed and marked as per U.S. Dep't of Transp., Manual on Uniform Traffic Control Devices, Pt. 3, § 3A.05 (2000) (striped in white and prominently outlined in blue), and in violation of STANDARD 502.

i.     There are disabled use spaces and/or unloading areas located on a slope in violation of STANDARD 502.

**Entrance Access and Path of Travel**

j.     There are no accessible routes from the street, sidewalk and parking areas, in violation of STANDARDS 206, 402, 403, 404 and 406.

k.     There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of STANDARD 405.

l.     There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating STANDARD 404.2.5.

m.     There is not a continuous path of travel connecting all essential elements of the facility, violating STANDARD 402.

**Access to Goods and Services**

n.     There are protruding objects present throughout the facility, in violation of STANDARD 307.

o.     There are permanently designated interior spaces without proper signage in violation of STANDARDS 216 and 703.

p.     There are counters throughout the facility in excess of 36", in violation of STANDARDS 227 and 904.

q.     There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADA Standards.

r.     There is insufficient clear floor space to access goods or services at the facility, in violation of several sections of the ADA Standards.

18.     There are other current violations of the ADA at the facility owned and operated by

the Defendant that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, Plaintiff requires an inspection of the Facility and Property in order to determine all of the discriminatory acts violating the ADA.

19.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

20.     To date, these readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way to effectuate compliance with the provisions of the ADA.

21.     Upon information and belief, the Facility and Property have been altered since 2010.

22.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in Paragraph 17 can be applied to the 1991 ADAAG standards.

23.     Plaintiff has attempted to gain access to the Facility and Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

24.     The barriers to access at the property have effectively denied or diminished the

Plaintiff's ability to visit the property and have endangered her safety.  Barriers to access involving path of travel and parking at this property have posed a risk of injury to the Plaintiff.  Other barriers to access as described in this Complaint cause similar risk of injury, embarrassment or discomfort to the Plaintiff.

25.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein.  The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

26.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay her counsel reasonable attorney's fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

27.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff requests the Court to issue a permanent injunction enjoining

the Defendant from continuing its discriminatory practices, ordering the Defendant to implement

policies consistent with the ADA to accommodate the disabled, to remove the physical barriers to

access and alter the subject Facility to make it readily accessible to and useable by individuals with

disabilities to the extent required by the ADA, and awarding Plaintiff her reasonable attorney's fees,

litigation expenses, including expert fees, and costs.

Respectfully submitted this 7th day of February, 2020.

s/ Cynthia K. Mitchell
CYNTHIA K. MITCHELL
Florida Bar No. 0571563
Cynthia K. Mitchell, P.A.
Attorneys for Plaintiff
1364 Amaryllis Lane
West Palm Beach, Florida  33415
Telephone: 561-244-2533
Facsimile: 888-260-6181
Email: cmitchell@ckmpa.com